[No. B069672. Second Dist., Div. Four. June 6, 1994.]

MICHAEL C. MOUSTAKAS, Plaintiff, Cross-defendant and Respondent,
v.
ARKADY DASHEVSKY, Defendant, Cross-complainant and Appellant.

**[Opinion certified for partial publication.\*]**

*Part I of this opinion is not certified for publication.

## COUNSEL

Arkady Dashevsky, in pro. per., for Defendant, Cross-complainant and Appellant.

Haight, Brown & Bonesteel, Roy G. Weatherup, Barry Z. Brodsky, Thomas N. Charchut, Marsha Palmer and Celeste Elig for Plaintiff, Cross-defendant and Respondent.

## OPINION

**KLEIN (Brett), J.\***—Arkady Dashevsky appeals from a money judgment, entered August 7, 1992, after a nonjury trial of respondent Michael C. Moustakas's claim for payment for legal services rendered. We affirm.

---

\*Judge of the Municipal Court for the Los Angeles Judicial District sitting under assignment by the Chairperson of the Judicial Council.

## I.  *The Trial Court Did Not Err\**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## II.

■ The trial was recorded on videotape. No court reporter was present. (See Code Civ. Proc., § 270; Cal. Rules of Court, rules 980.5 and 980.6.) The record furnished for our review includes both a certified transcription of the audio portion of the videotape and an uncertified copy of the videotape. The latter is included in the appellant's appendix in lieu of clerk's transcript. The video image contains running subtitles showing the hour, minute, and second of recording.

In his brief, appellant cites specific portions of the videotape in support of three of his arguments. First, he argues that the videotape shows the trial court spent only forty-three seconds examining six documentary exhibits, one of which was seven pages long. Second, he argues that after he made an offer of proof, "the videotape reveals a very telling silence on the part of the court." Third, he argues that an 84-second segment of the videotape establishes that the trial court, while listening to his testimony regarding respondent's failure to render an itemized bill, had an itemized bill on the bench but failed to tell him.

It was probably inevitable that those responsible for the practical aspects of judicial administration would decide to use video cameras to make a record of trial proceedings. Though this technology lacks the advantages of computerized court reporting, the visible and audible information thus recorded might be of value to many people, including judges. California Rules of Court, rule 980.5(i) provides that a videotape may be made part of the record on appeal upon stipulation of the parties and approval by the appellate court.

The rules of court do not address the most important implication of the videotaping of trial proceedings. Many aspects of the time-honored rules limiting the scope of appellate review are based on the trial judge's opportunity to see and hear witnesses, attorneys, and jurors. A drastic change in the principles of appellate review would be needed before we could base our decisions on appeal on our own evaluation of the sights and sounds of the trial courtroom. Because of the far-reaching implications, any such change

---

\*See footnote, *ante*, page 752.

must come from the Legislature or from higher judicial authority. Accordingly, we do not regard the videotape as part of the record on this appeal.

The judgment is affirmed. Costs to respondent. Both parties' requests for sanctions are denied.

Vogel (C. S.), Acting P. J., and Hastings, J., concurred.

A petition for a rehearing was denied June 23, 1994, and appellant's petition for review by the Supreme Court was denied September 8, 1994.